**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK LAMAY,

   Petitioner,

v.
                                   Civil Action 2:13-CV-10482
                                   HONORABLE GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT COURT

ERIC BALCAREL,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Patrick Lamay, ("Petitioner"), presently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Lamay challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(c). Respondent has filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent contends that the petition should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 US.C. § 2244 (d)(1). Petitioner has filed a response to the answer. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**II. BACKGROUND**

Mr. Lamay was convicted of the above charge following a jury trial in the Washtenaw

1

County Circuit Court.[1] The Michigan Court of Appeals affirmed Mr. Lamay's conviction. *People v. Lamay,* No. 277553 (Mich.Ct.App. November 13, 2008). Mr. Lamay's application for leave to appeal to the Michigan Supreme Court was rejected by that court on February 2, 2009, because it was filed beyond the fifty six day period for filing an application for leave to appeal with the Michigan Supreme Court.[2]

On September 28, 2009, Mr. Lamay filed a petition for writ of habeas corpus with the Ingham County Circuit Court, which was considered and denied by the Gratiot County Circuit Court. *Lamay v. Ludwick,* No. 09-11467-AH (Gratiot County Circuit Court, July 7, 2010). Mr. Lamay then attempted to appeal the denial of this state petition for writ of habeas corpus by filing a complaint for a writ of habeas corpus with the Michigan Court of Appeals, which was also denied. *Lamay v. Department of Corrections,* No. 300065 (Mich.Ct.App. December 17, 2010). Mr. Lamay attempted to file an application for leave to appeal with the Michigan Supreme Court from the Michigan Court of Appeals' order, but the application was rejected on April 13, 2011, because it had not been filed within the fifty six day time period for filing an application for leave to appeal with the Michigan Supreme Court.[3]

Mr. Lamay filed a second petition for writ of habeas corpus with the Ingham County Circuit Court on June 12, 2012, which was denied by the Jackson County Circuit Court. *Lamay v. Burt,* No.

---

[1] Mr. Lamay was also convicted of third-degree criminal sexual conduct and photographing or capturing the image of an unclothed person. These convictions were vacated at sentencing by the trial judge.

[2] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 20, 2013. [This Court's Dkt. # 9-17].

[3] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 20, 2013. [This Court's Dkt. # 9-19].

12-1762-AH (Jackson County Circuit Court, July 30, 2012).

The instant petition for writ of habeas corpus was signed and dated February 1, 2013. [4]

### III. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Court of Appeals affirmed Mr. Lamay's conviction on his

---

[4] Under the prison mailbox rule, this Court will assume that Mr. Lamay actually filed his habeas petition on February 1, 2013, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

direct appeal on November 13, 2008. The Michigan Supreme Court subsequently rejected Mr. Lamay's application for leave to appeal on February 2, 2009, because it was filed beyond the fifty six day time period for filing an application for leave to appeal with that court.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *See also Clay v. United States*, 537 U.S. 522, 527 (2003)("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Mr. Lamay had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Mr. Lamay's judgment of conviction, therefore, the one-year

4

statute of limitations began to run at that time. *Gonzalez*, 132 S.Ct. at 653–54.

Because Mr. Lamay did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on January 8, 2009, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

The Court is aware that Mr. Lamay claims that he filed a petition for writ of certiorari with the United States Supreme Court. This would not delay the commencement of the limitations period for several reasons.

First, although Mr. Lamay purports to have a copy of a petition for writ of certiorari that he claims to have filed with the United States Supreme Court, this Court has reviewed the United States Supreme Court's docket sheet and there is no indication that Mr. Lamay ever filed a petition for writ of certiorari with that court. [5]

Secondly, assuming that this petition for writ of certiorari is authentic, it would not extend the time for the running of the limitations period, in light of the fact that Mr. Lamay's failure to file a timely application for leave to appeal with the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, fn. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

---

[5] *See* www.supremecourt.gov. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

Finally, Mr. Lamay's purported petition for writ of certiorari was not filed until April 3, 2012, more than ninety days after the Michigan Court of Appeals affirmed Mr. Lamay's case on direct appeal and more than ninety days after the time for filing an application for leave to appeal with the Michigan Supreme Court pursuant to M.C.R. 7.302(C) had expired. An untimely petition for writ of certiorari does not delay the date at which a habeas petitioner's conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A). *See e.g. Edwards v. United States*, 295 Fed. App'x. 320, 321(11th Cir. 2008)(refusing to extend commencement of limitations period for untimely petition for writ of certiorari subsequently denied by Supreme Court); *United States v. Bendolph*, 409 F. 3d 155 158–59 n. 5 (3rd Cir. 2005)(same).

Mr. Lamay's conviction therefore became final, for the purposes of the commencement of the statute of limitations, on January 8, 2009. Mr. Lamay had until January 8, 2010 to file his petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Mr. Lamay filed a state petition for writ of habeas corpus with the Ingham County Circuit Court on September 28, 2009. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003).

The mere fact that Mr. Lamay filed a state petition for writ of habeas corpus with the state courts would not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), because a state petition for writ of habeas corpus is not considered a form of post-conviction review in Michigan. M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or

7.300 may be reviewed only in accordance with the provisions of this subchapter. The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

By contrast, M.C.L.A. 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (Mich. Ct. App. 1981)(quoting *People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 ( Mich. Ct. App. 1970)).

A majority of judges in this district who have considered the issue have determined that a state habeas petition is not a proper form of state post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Powell v. McKee*, No. 10–12866, 2011 WL 1344581, * 4 (E.D.Mich. April 8, 2011)(state habeas petition does not toll the period of limitations under 28 U.S.C. § 2244(d)(2)); *Northrop v. Wolfenbarger*, No. 06–CV–13081, 2008 WL 564941, *2 (E.D. Mich. February 28, 2008) (same); *Javens v. Caruso*, No. 07–CV–10175, 2007 WL 2516827, *2 (E.D.Mich. August 31, 2007)(same); *Jackson v. Curtis*, No. 05-CV-71711, 2005 U.S. Dist. LEXIS 29254, *10 (E.D.Mich. November 23, 2005)(same); *Compare Jenkins v. Tribley,* No. 11-14204; 2012 WL 995394, * 3-4 (E.D. Mich. March 22, 2012)(state habeas petition can toll the limitations period pursuant to § 2244(d)(2)).

This Court believes that Mr. Lamay is not entitled to tolling of the limitations period pursuant to § 2244(d)(2) for the time that either of his state habeas petitions were pending in the state courts, because petitioner's state habeas petitions do not qualify as an application for state post-conviction relief recognized as such under Michigan's court rules and procedures governing post-conviction relief in Michigan. *See Adeline v. Stinson,* 206 F. 3d 249, 252 (2nd Cir. 2000). The post-conviction remedy afforded under M.C.R. 6.500, *et. Seq.*, is the exclusive means to bring a post-conviciton challenge in Michigan. Because Mr. Lamay's state habeas petitions do not qualify under Michigan law as a properly filed application for post-conviction relief, they would not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). *See Seaton v. Kentucky,* 92 Fed. App'x. 174, 175 (6th Cir. 2004). Because Mr. Lamay's state habeas petitions did not toll the limitations period, the time for filing a petition for writ of habeas corpus expired on January 8, 2010. Because Mr. Lamay did not file his federal habeas petition with this Court until February 1, 2013, the instant petition is untimely.

Moreover, assuming that Mr. Lamay's state habeas petitions qualified as a form of state post-conviction review that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), the current petition is nonetheless untimely. Mr. Lamay filed his first habeas petition with the Ingham County Circuit Court on September 28, 2009, after two hundred and sixty three days had elapsed under the one year limitations period. After the Gratiot County Circuit Court denied Mr. Lamay's state habeas petition, Mr. Lamay filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied on December 17, 2010. Although Mr. Lamay attempted to appeal the denial of his petition for writ of habeas corpus with the Michigan Supreme Court, his application for leave to appeal was rejected because it was filed beyond the fifty six day period for

8

filing an application for leave to appeal with that court.

A post-conviction application is "pending," within the meaning of 28 U.S.C. § 2244(d)(2), during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original). Because Mr. Lamay did not file a timely application for leave to appeal with the Michigan Supreme Court, tolling of the limitations period ended when the Michigan Court of Appeals denied Mr. Lamay's complaint for writ of habeas corpus on December 17, 2010. Mr. Lamay had one hundred and two days remaining from this date, which would have been no later than March 29, 2011, to timely file his petition with this Court. Because the instant petition was not filed with this Court until February 1, 2013, the petition is untimely.

Mr. Lamay filed his second state petition for writ of habeas corpus with the Ingham County Circuit Court on June 12, 2012, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's second state habeas petition, even if it qualified as a state post-conviction motion for purposes of § 2244(d)(2), would not toll the limitations period because it was filed after the limittions period had expired. *See e.g. Parker v. Renico,* 105 Fed. App'x. 16, 18 (6th Cir. 2004)(second motion for relief from judgment, filed after the expiration of the limitations period, would not toll period for filing habeas petition). The instant petition is untimely.

Finally, even if this Court were to toll the limitations period for the entire time that both of

Mr. Lamay's state habeas petitions were pending in the state courts and the period between the filing of the two state habeas petitions, the current federal habeas petition is still untimely. As mentioned above, Mr. Lamay filed his first state habeas petition with the Ingham County Circuit Court after two hundred and sixty three days had elapsed. Mr. Lamay's second habeas petition was denied by the Jackson County Circuit Court on July 30, 2012. Mr. Lamay had one hundred and two days remaining from the denial of his second state habeas petition, or until November 9, 2012, to timely file his petition for writ of habeas corpus with this Court. Because the petition was not filed with this Court until February 1, 2013, the petition is untimely, even if the Court were to consider the limitations period tolled for the entire time between the filing of Mr. Lamay's first state habeas petition and the denial of his second habeas petition.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id*.

Mr. Lamay is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing

10

of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Lamay's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although Mr. Lamay challenges the legal sufficiency of the evidence to convict him on the first-degree criminal sexual conduct charge [Claim # 2], petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

Finally, to the extent that Mr. Lamay contends that his claims are meritorious, this would not constitute a ground to ignore the statute of limitations. The AEDPA's statute of limitations must

be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because Mr. Lamay's habeas application is untimely, the Court would not err in declining to address the merits of petitioner's substantive claims.

## IV. CONCLUSION

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny Mr. Lamay a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d at 753. The Court will also deny Mr. Lamay leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

/s/Gershwin A Drain
**HON. GERSHWIN A. DRAIN**
UNITED STATES DISTRICT JUDGE

DATED: August 12, 2013